1    DANIEL M. PETROCELLI (S.B. #097802)
     dpetrocelli@omm.com
2    AMY R. LUCAS (S.B. #264034)
     alucas@omm.com
3    MAYA ZAGAYER (S.B. #318080)
     mzagayer@omm.com
4    O'MELVENY & MYERS LLP
     1999 Avenue of the Stars, 8th Floor
5    Los Angeles, California 90067-6035
     Telephone: +1 310 553 6700
6    Facsimile: +1 310 246 6779

7    Attorneys for Plaintiffs Ariana Grande-Butera
     and GrandAri Inc.
8

9                       UNITED STATES DISTRICT COURT

10                     CENTRAL DISTRICT OF CALIFORNIA

11

12   **ARIANA GRANDE-BUTERA, p/k/a**        Case No.
     **ARIANA GRANDE**, an individual; and
13   **GRANDARI, INC.**, a Florida           **COMPLAINT FOR DAMAGES**
     Corporation,
14
                 Plaintiffs,                 1. VIOLATION OF CALIFORNIA
15                                              CIVIL CODE SECTION 3344
           v.                                   (CAL. CIV. CODE § 3344);
16                                           2. VIOLATION OF COMMON-
     **FOREVER 21, INC**., a California          LAW RIGHT OF PUBLICITY;
17   Corporation; **RILEY ROSE LLC**, a      3. FALSE ENDORSEMENT
     California Company; and DOES 1-10,         UNDER THE LANHAM ACT
18   inclusive,                                 (15 U.S.C. § 1125(A));
                                             4. TRADEMARK INFRINGEMENT
19               Defendants.                    (15 U.S.C. § 1114(1)(A));
                                             5. COMMON LAW TRADEMARK
20                                              INFRINGEMENT; AND
                                             6. COPYRIGHT INFRINGEMENT
21                                              (17 U.S.C. § 501)

22                                           *Unlimited Civil Case*

23
                                             **DEMAND FOR JURY TRIAL**
24

25

26

27

28

                             COMPLAINT

Plaintiffs Ariana Grande-Butera, p/k/a/ "Ariana Grande" and GrandAri Inc.
allege as follows:

## INTRODUCTION

1.      Ariana Grande is an internationally renowned singer, songwriter and
actress who, through years of hard work and dedication to her craft, has developed
a personal brand and global following unparalleled by any of her peers.  Indeed,
Ms. Grande is one of the most successful artists in pop culture today, has the
largest social media following of *any* female celebrity in the world.  Given her
stature and influence, Ms. Grande is highly sought after by companies hoping to
secure her endorsement of their products, and those companies are willing pay
enormous sums of money to engage Ms. Grande to help promote their brands.
Even a single social media post by Ms. Grande can garner fees of several hundred
thousand dollars, and her longer-term endorsement arrangements command fees in
the millions of dollars.

2.      Hoping to benefit from Ms. Grande's celebrity and influence, in or
around early 2019, Forever 21, Inc. ("Forever 21") sought her endorsement of its
clothing and accessory products, which she explicitly declined due to Forever 21's
unwillingness to pay the fair market value for a celebrity of Ms. Grande's stature.
Fearing irrelevance in a rapidly evolving market with increasing competition from
other fast fashion brands, rather than pay Ms. Grande, Forever 21 and Riley Rose,
the beauty company started by the daughters of Forever 21's founders
(collectively, "Defendants"), instead stole her name, likeness, and other intellectual
property to promote their brands for free.

3.      Forever 21's and Riley Rose's unauthorized use of Ms. Grande's
name, image, likeness, and music to promote their brands and products are blatant
and willful violations of her statutory and common law rights of publicity, and
constitute infringement of Plaintiffs' copyrights and trademarks under the
Copyright Act and Lanham Act, respectively.  By this action, Plaintiffs seek an

1  award of actual damages, the disgorgement of Forever 21's ill-gotten profits, and

2  an award of punitive damages to deter Forever 21 and Riley Rose from future

3  violations of Plaintiffs' personal and intellectual property rights.

4  **JURISDICTION AND VENUE**

5      4.    The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and

6  1338(a). This is a civil action arising under federal law, the Lanham Act of 1946

7  as amended (codified at 15 U.S.C. §§ 1051, et seq.). The pendent state law claims

8  are so related to the federal claims that they form part of the same case or

9  controversy pursuant to Article III of the United States Constitution. The court

10  therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C.

11  § 1367(a).

12      5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)

13  for several independent reasons, including that: Defendants "reside" in this

14  judicial district for venue purposes under 28 U.S.C. § 1391(c)(2); a substantial part

15  of the events or omissions giving rise to the claims occurred in this district; and a

16  substantial part of property that is the subject of the action is situated in this

17  district.

18  **PARTIES**

19      6.    Plaintiffs Ariana Grande-Butera is an individual and resident of Los

20  Angeles County, California.

21      7.    Plaintiffs GrandAri Inc. is a Florida corporation with its principal place

22  of business in Los Angeles, California.

23      8.    Plaintiffs are informed and believe, and based thereon allege, that

24  Defendant Forever 21 is a California corporation, with its principal place of

25  business in Los Angeles, California.

26      9.    Plaintiffs are informed and believe, and based thereon allege, that

27  Defendant Riley Rose is a California-based limited liability company, with its

28  principal place of business in Los Angeles, California.

1

2                            **GENERAL ALLEGATIONS**

3 **I.**     **Ms. Grande's Fame and Influence**

4         10.     Ariana Grande is one of the biggest stars in pop culture today. As a

5 Grammy Award-winning singer, songwriter, and actor, Ms. Grande has not only

6 performed at sold-out stadium tours all over the world, but her music and videos

7 have amassed over 30 billion streams on platforms such as YouTube, Spotify, and

8 Apple Music, making her the most listened-to female artist on the latter two.

9         11.     Ms. Grande's career continues to defy norms and break records in the

10 music industry. All five of Ms. Grande's full-length albums have been certified

11 platinum by the Recording Industry Association of America ("RIAA"), and she is

12 the first artist to have the lead singles from each studio album debut within the top

13 ten in the United States.

14         12.     Upon the release of her fifth album *Thank U, Next* in 2019, Ms.

15 Grande again broke a string of records. The album's title track, *Thank U, Next*,

16 debuted at number one on the US *Billboard* Hot 100, and held the record for the

17 most-played song in a single day by a female artist on Spotify. The track was

18 dethroned from the top spot by Ms. Grande's other singles, *7 Rings* and *Break Up*

19 *with Your Girlfriend, I'm Bored*, making Ms. Grande the first female artist to

20 replace herself at number one on the charts, and the first solo artist to

21 simultaneously hold the top three spots on the *Billboard* Hot 100 chart.

22         13.     Ms. Grande's fame, following, and social influence are equally

23 unparalleled and record-breaking. As of February 2019, Ms. Grande became the

24 most-followed woman on Instagram in the world, amassing more than 160 million

25 Instagram followers; a title she continues to hold through the date of filing this

26 Complaint. Ms. Grande has another 64 million followers on Twitter.

27         14.     *TIME Magazine* named Ms. Grande one of "The 25 Most Influential

28 People on the Internet" in 2019, and one of "The 100 Most Influential People in

the World" in both 2016 and 2019. *Billboard* recognized Ms. Grande as the "Woman of the Year" in 2018 after she hosted the One Love Manchester benefit, which helped raise $29 million dollars for the victims of a suicide bombing attack outside an arena in Manchester, England, where Ms. Grande had just finished performing.

15. Ms. Grande's success and star power have enabled her to expand her career beyond the music industry through various commercial endorsement deals. Still, Ms. Grande is selective of the brands with whom she chooses to partner, and frequently turns down endorsement proposals. And when she does choose to collaborate with a company or endorse its products or services, Ms. Grande often works closely with third-parties to curate products and images that coincide with her personal brand.

16. Ms. Grande's control over the use of her name, image, likeness, and intellectual property in promoting third-party products and services is critical to safeguard her reputation, and to prevent the public from being misled into believing that she has associated herself with a product or service that she does not, in fact, endorse.

17. As alleged in further detail below, in complete disregard of Plaintiffs' intellectual property rights and rights of publicity, Defendants have repeatedly and willfully used Ms. Grande's name, image, likeness, and music without authorization to generate renewed interest in their brands and social media platforms, and to elicit sales of their products.

## II. Forever 21's Declining Success

18. Plaintiffs are informed and believe, and based thereon allege, that Forever 21 is a privately-owned clothing retailer with approximately 815 stores in 57 countries around the world. With over 30,000 employees, Forever 21 sells clothing, shoes, handbags, and accessories, among other things, to mostly women and girls ranging in age from 14 to 24.

19.    Since being founded in 1984, Forever 21 has become a staple in nearly every shopping mall around the world by capitalizing on its then-revolutionary techniques of rapidly producing inexpensive clothing, making it one of the most well-known "fast fashion" brands in the world.

20.    Indeed, Forever 21's annual revenue totaled approximately $3.4 billion in 2017.  Recently, however, Forever 21 has faced competition from new online fast fashion companies which do not have the practical limitations and financial burdens that come with brick-and-mortar stores.  As a result of Forever 21's online competition, Defendant Forever 21 is reportedly experiencing a financial downturn and has been looking for ways to develop its business, including by expanding its brand into beauty products and cosmetics by launching the beauty boutique, Riley Rose in 2017.

21.    Riley Rose founders Esther and Linda Chang, daughters of Forever 21 founder and CEO, Do Wan Chang, reportedly stated that "Forever 21 and Riley Rose have a similar customer base," but that the goal when creating Riley Rose was to make something "very trendy and Instagram-worthy" as the ultimate "homage to millennials."[1]  The beauty boutique sells makeup, skincare, haircare and home décor through its website, www.rileyrose.com, and via 13 storefronts in shopping malls across the United States.

### III.   Defendants Resort to Unlawful Conduct as a Desperate Attempt to Stay Relevant and Profitable

22.    Following the record-breaking release of Ms. Grande's single *Thank U, Next* on or around November 3, 2018, and in anticipation of the album's release in February 2019, Forever 21 contacted Ms. Grande's representatives to discuss the possibility of having her endorse the fast fashion Forever 21 brand given that

---

[1] Mau, Dhani, *How New Beauty Store Riley Rose Was Designed to Be the Ultimate 'Homage to Millennials,'* FASHIONISTA, Feb. 4, 2018, (last accessed Aug. 30, 2019 at https://fashionista.com/2017/10/riley-rose-forever-21-beauty-store).

Ms. Grande's fans are squarely within Forever 21's target market.

23.     Notably, the endorsement deal Forever 21 sought with Ms. Grande centered around social media marketing, including, but not limited to, Twitter posts, Instagram posts, and Instagram stories.[2]

24.     The importance and influence derived from social media marketing to consumers in today's market cannot be overstated.  Indeed, platforms such as Instagram and Twitter are premier forms of marketing for most companies today, and paying influential celebrities with large social media followings such as Ms. Grande is the modern-day equivalent of buying television ads 20 years ago.

25.     Given her stature, influence, and social media following, the market value for even a single Instagram post by Ms. Grande is well into the six figures, and she commands in the mid-seven figures to over eight figures for longer-term endorsement deals, marketing campaigns, and/or licensing deals for use of her name and likeness.

26.     Negotiations between Forever 21 and Ms. Grande's representatives took place in or around December 2018 and January 2019, but the proposed endorsement deal never came to fruition because the amounts that Forever 21 offered to pay for the right to use Ms. Grande's name and likeness were insufficient for an artist of her stature.  Ms. Grande's representatives communicated as much to Forever 21.

27.     Rather than pay for that right as the law requires, Defendants simply stole it by launching a misleading campaign across its website and social media platforms primarily in January and February 2019.  The campaign capitalized on the concurrent success of Ms. Grande's album *Thank U, Next* by publishing at least 30 unauthorized images and videos misappropriating Ms. Grande's name, image,

---

[2] An "Instagram story" is a picture and/or video, potentially set to music, posted onto an Instagram account holder's page for up to 24 hours.  Account holders can also permanently archive Instagram stories by posting them onto their page as "Highlights."

1  likeness, and music in order to create the false perception of her endorsement.  A

2  chart depicting Forever 21's and Riley Rose's unauthorized uses, and an

3  explanation of why each is wrongful, is attached as **Exhibit 1**.  Examples of the

4  unauthorized posts depicting Ms. Grande published by Defendants Forever 21 and

5  Riley Rose are included below, and a complete list is attached hereto as **Exhibit 2**:

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28






8

COMPLAINT

28.     As part of Defendants' unauthorized marketing campaign, Defendants also falsely suggested Ms. Grande's endorsement by hiring a look-alike model and posting photos of that model in clothing and accessories that resemble clothing worn in Ms. Grande's music videos and that the public immediately associates with Ms. Grande.[3]

29.     Defendants did not simply use a model with a similar look and hairstyle; they used [1] a model who looks strikingly similar to Ms. Grande, [2] wearing a similar hairstyle to the one Ms. Grande wore in the *7 Rings* video, [3] dressed in a top designed to look like a top worn by Ms. Grande in numerous well-known photographs (including photographs of Ms. Grande that Forever 21 wrongfully posted on its Instagram feed, depicted above), [4] wearing a distinctive hair accessory worn by Ms. Grande in the *7 Rings* video and numerous well-known photographs, [5] using a pose that is virtually identical to the pose in which Ms. Grande was photographed, [6] in certain instances, with *7 Rings* audio played over the post, [7] in certain instances, with the distinctive "7" from the *7 Rings* video displayed in the background, [8] in certain instances intermixed with photographs of Ms. Grande herself (which photographs Forever 21 again had no authorization to post); and, [9] in certain instances, coupled with captions containing lyrics from Ms. Grande's song *7 Rings*.

30.     Examples of Defendants' unauthorized posts depicting Ms. Grande's look-alike are included below, and attached hereto as **Exhibit 3**:



*7 Rings* logo from Ms. Grande's music video



Forever 21's look-alike model with identical "7" in the background

---

[3] Videos of Defendants' alleged infringement of Ms. Grande's music and videos will be submitted to the Court separately.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




Image of Forever 21's
look-alike model with lyrics
from *7 Rings*




Images of Ms. Grande
from *7 Rings* video



Forever 21's look-alike model,
posted on Instagram



Image of Ms. Grande from *7
Rings* music video

10
COMPLAINT

1

2

3      31.    The resemblance is uncanny and Forever 21's intent was clear: to

4   suggest to the viewing public that Ms. Grande endorsed Forever 21, its products,

5   and was affiliated with Forever 21.

6      32.    When Ms. Grande discovered the infringement on or around February

7   23, 2019, she immediately contacted her attorneys and agents, including

8   representatives of Bravado International Group Merchandising Services, Inc.

9   ("Bravado"), her exclusive licensee for certain of her intellectual property in the

10  apparel industry.  Shortly thereafter, Ms. Grande's representatives demanded that

11  Forever 21 take down all unauthorized uses of Ms. Grande's name, likeness, and

12  intellectual property.

13     33.    Despite their stated agreement to do so, Defendants did not remove all

14  of the unauthorized content.  Outside counsel for Ms. Grande contacted Forever 21

15  again on or around March 15, 2019 and on or around April 3, 2019 to demand that

16  that the unauthorized and infringing uses of Ms. Grande's name, image, likeness,

17  and music cease and desist immediately.

18     34.    Defendants' infringing and unauthorized posts remained on Forever

19  21's and Riley Rose's social media accounts until at least April 17, 2019.  As a

20  result, Defendants improperly misappropriated and profited from Ms. Grande's

21  influence and star-power for approximately 14 weeks.[4]

22

23

24

25

26

_____

27  [4] Defendants began their use of Ms. Grande's name, image, likeness and music on
28  November 30, 2018, and failed to remove all unauthorized content until at least
    April 17, 2019.

1

2

## FIRST CLAIM FOR RELIEF

### (Violation of Cal.  Civ.  Code § 3344 – Against All Defendants)

3   35.    Ms. Grande incorporates all prior allegations of this Complaint by this

4   reference.

5   36.    Ms. Grande is the owner of the rights of publicity in her name, image,

6   likeness, and persona necessary for endorsement deals.

7   37.    Defendants have willfully and without authorization used Ms.

8   Grande's name, image, likeness, and persona for commercial purposes, to

9   advertise the Forever 21 and Riley Rose brands, and to promote the sale of

10   clothing, accessories and beauty products on Forever 21's and Riley Rose's social

11   media platforms and website.

12   38.    Defendants' unauthorized use of Ms. Grande's name, image, likeness,

13   and persona constitute a commercial misappropriation in violation of Section 3344

14   of the California Civil Code.

15   39.    As a direct and proximate result of Defendants' wrongful conduct, Ms.

16   Grande has suffered, and will continue to suffer, damages in an amount to be

17   proven at trial, but in no event less than $10 million.

18   40.    Defendants have further been unjustly enriched by their

19   misappropriation of Ms. Grande's statutory right of publicity.  Accordingly, Ms.

20   Grande is entitled to restitution of all income, profits, and other benefits resulting

21   from Defendants' conduct, in an amount to be determined according to proof at

22   trial.

23   41.    Defendants' actions as alleged above were malicious, oppressive, and

24   fraudulent, and done with the intent to injure Ms. Grande and with a willful and

25   conscious disregard for Ms. Grande's rights.  As a result, Ms. Grande is entitled to

26   recover from Defendants punitive and exemplary damages in an amount sufficient

27   to punish and deter them and others from engaging in such acts in the future.

28

## SECOND CLAIM FOR RELIEF

### (Violation of Common Law Right of Publicity – Against All Defendants)

42.     Ms. Grande incorporates all prior allegations of this Complaint by this reference.

43.     Ms. Grande is the owner of the common law rights of publicity in her name, image, likeness, and persona necessary for endorsement deals.

44.     Defendants have willfully and without authorization used Ms. Grande's name, image, likeness, and persona for commercial purposes, to advertise the Forever 21 and Riley Rose brands, and to promote the sale of clothing, accessories, and beauty products on Defendants' social media platforms and websites.

45.     The unauthorized use of Ms. Grande's likeness also includes at least 13 instances wherein Forever 21 falsely suggested Ms. Grande's endorsement by hiring a look-alike model and posting photos of that model in clothing and accessories that resemble clothing and accessories worn in Ms. Grande's music videos, and that the public immediately associates with Ms. Grande.

46.     Defendants' unauthorized use of Ms. Grande's name, image, likeness, and persona constitutes a violation of California's common law right of publicity.

47.     As a direct and proximate result of Defendants' wrongful conduct, Ms. Grande has suffered, and will continue to suffer, damages in an amount to be proven at trial, but in no event less than $10 million.

48.     Defendants have further been unjustly enriched by its infringement of Ms. Grande's common law right of publicity.  Accordingly, Ms. Grande is entitled to restitution of all income, profits, and other benefits resulting from Forever 21's conduct, in an amount to be determined according to proof at trial.

49.     Defendants' actions as alleged above were malicious, oppressive, and fraudulent, and done with the intent to injure Ms. Grande and with a willful and conscious disregard for Ms. Grande's rights.  As a result, Ms. Grande is entitled to

1   recover from Defendants punitive and exemplary damages in an amount sufficient

2   to punish and deter Defendants and others from engaging in such acts in the future.

3                           **THIRD CLAIM FOR RELIEF**

4   **(False Endorsement (15 U.S.C. § 1125(a)) – Against All Defendants)**

5          50.     Ms. Grande incorporates all prior allegations of this Complaint by this

6   reference.

7          51.     Ms. Grande is the owner of the statutory and common law rights

8   associated with Ms. Grande's name, image, likeness, and persona necessary for

9   endorsement deals, including her right to decide whether to associate her name,

10   image, likeness, or persona with any third-party for purposes relating to

11   sponsorship and/or endorsement.

12         52.     Defendants' used distinctive attributes of Ms. Grande's persona,

13   including her name, image, and likeness without permission by posting onto

14   Defendants' website, www.forever21.com, and the Instagram accounts

15   @forever21 and @rileyrose, images of Ms. Grande and/or a look-alike model

16   dressed in clothing and accessories strikingly similar to the clothing and

17   accessories worn by Ms. Grande in her iconic *7 Rings* music video, and posed in

18   positions nearly identical to poses made by Ms. Grande in the *7 Rings* video, and

19   that the public readily associates with Ms. Grande.

20         53.     Defendants' unauthorized uses constitute false or misleading

21   representations of fact to falsely imply the endorsement of Defendants' businesses

22   and products by Ms. Grande.

23         54.     Defendants' unauthorized uses of Ms. Grande's persona are likely to

24   confuse and deceive consumers as to Ms. Grande's sponsorship and/or endorsement

25   of Forever 21's and Riley Rose's brands.  Specifically, Defendants' use of Ms.

26   Grande's name, image, and likeness is likely to cause consumers to mistakenly

27   believe that Ms. Grande is associated with Forever 21 and Riley Rose, or that she

28   sponsors or endorses Defendants' products, websites, or social media accounts.

55.     As a direct and proximate result of the acts of false endorsement set forth above, Ms. Grande has suffered actual damages in an amount to be proven at trial, but in no event less than $10 million.  Ms. Grande is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from their false or misleading acts.  Defendants' conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Ms. Grande to an award of attorneys' fees and costs.

56.     Ms. Grande is informed and believes, and based thereon alleges, that Defendants committed the unauthorized acts described above knowing that is likely to cause consumers to falsely believe that Ms. Grande endorses Defendants' brands and products.  Defendants have thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Ms. Grande is entitled to an award of treble damages.

## FOURTH CLAIM FOR RELIEF

**(Trademark Infringement (15 U.S.C. § 1114(1)) – Against All Defendants)**

57.     Plaintiffs incorporate all prior allegations of this Complaint by this reference.

58.     Plaintiffs have extensively used the trademark ARIANA GRANDE in commerce in connection with a myriad of products and services, including Plaintiffs' advertising and promotion of Ms. Grande's fragrance line, as well as through endorsement of third-party products in the entertainment and fashion industries.

59.     Plaintiffs own several federally registered trademarks in Ms. Grande's name, including without limitation:  (1) U.S. Registration No. 4,965,758 for the use of ARIANA GRANDE in connection with "perfume" and "fragranced body care;" (2) Int'l Registration No. 1,477,022 for use of ARIANA GRANDE THANK U, NEXT in connection with "perfume" and "fragranced body care;" (3) U.S.

1    Registration No. 4,932,682 for the use of ARIANA GRANDE in connection with

2    clothing and apparel; (4) U.S. Registration No. 4,297,601 for the use of ARIANA

3    GRANDE in connection with "Entertainment services, namely, . . . musical

4    performances, musical videos, related film clips, photographs, and other

5    multimedia materials featuring Ariana Grande;" and (5) U.S. Serial No.

6    87,472,487 for the use of ARIANA GRANDE in connection with "the field of

7    music and entertainment," "clothing," handbags," "jewelry accessories," "licensing

8    of intellectual property," and "entertainment services, namely, . . . music, film,

9    television, celebrity and popular culture provided over the internet," (collectively,

10   the "Registered Marks").  True and correct copies of Plaintiffs' Trademark

11   Certificates from the United States Patent and Trademark Office are attached

12   hereto as **Exhibit 4**.

13       60.    The Registered Marks are valid trademarks owned by Plaintiffs.

14   Additionally, by virtue of Plaintiffs' longstanding and continuous use of the

15   Registered Marks in commerce, Plaintiffs have acquired a valid common law

16   trademark in Ms. Grande's name.  The public has come to recognize the

17   Registered Marks as exclusively identifying Ms. Grande, and the marks are famous

18   worldwide.

19       61.    Defendants infringed Plaintiffs' registered and common law

20   trademarks by using these marks on their social media accounts, including the

21   Instagram accounts @forever21 and @rileyrose, to promote Defendants' brands

22   and sale of clothing, accessories, and beauty products.

23       62.    Defendants' unauthorized use of Plaintiffs' registered and common

24   law trademarks are likely to confuse and deceive consumers as to the origin,

25   sponsorship, and/or endorsement of the Forever 21 and Riley Rose brands and

26   products.  Specifically, Defendants' use of Ms. Grande's name and Plaintiffs' mark

27   are likely to cause consumers to mistakenly believe that Ms. Grande is associated

28   with Forever 21 and Riley Rose, or that she sponsors or endorses Defendants'

products, websites, or social media accounts.

63.   As a direct and proximate result of the acts of trademark infringement set forth above, Plaintiffs have suffered actual damages in an amount to be proven at trial, but in no event less than $10 million.  Plaintiffs are entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from the acts of trademark infringement.  Defendants' conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Plaintiffs to an award of attorneys' fees and costs.

64.   Plaintiffs are informed and believe, and based thereon allege, that Defendants committed the infringement described above knowing that its unauthorized use of the ARIANA GRANDE and ARIANA GRANDE THANK U, NEXT trademarks is likely to cause consumer confusion.  Defendants have thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Plaintiffs are entitled to an award of treble damages.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement – Against All Defendants)

65.   Plaintiffs incorporate all prior allegations of this Complaint by this reference.

66.   Plaintiffs own valid common law trademarks in ARIANA GRANDE and ARIANA GRANDE THANK U, NEXT for use in connection with a wide variety of products and services, including without limitation the promotion of products and services in the entertainment, fashion, and beauty industries.  The Registered Trademarks are likewise valid trademarks owned by Plaintiffs.

67.   The public has come to recognize the ARIANA GRANDE and ARIANA GRANDE THANK U, NEXT marks as exclusively identifying Ms. Grande, and the marks are famous worldwide.

68.   Defendants have infringed Plaintiffs' trademarks by using these marks

on their social media platforms, including the Instagram accounts @forever21 and @rileyrose, to promote Defendants' brands and products.

69.     Defendants' unauthorized use of Plaintiffs' trademarks is likely to confuse and deceive consumers as to the origin, sponsorship, and/or endorsement of the Forever 21 and Riley Rose brands, websites, social media accounts, and products.  Specifically, Defendants' use of Plaintiffs' marks is likely to cause consumers to mistakenly believe that Ms. Grande is associated with Forever 21 and/or Riley Rose, or that she sponsors or endorses Defendants' products.

70.     As a direct and proximate result of the acts of trademark infringement set forth above, Plaintiffs have suffered actual damages in an amount to be proven at trial, but in no event less than $10 million.

71.     Plaintiffs are informed and believe, and based thereon allege, that Defendants committed the infringement described above knowing that its unauthorized use of the ARIANA GRANDE and ARIANA GRANDE THANK U, NEXT marks is likely to cause consumer confusion.  Defendants have thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Plaintiffs are entitled to an award of treble damages.

72.     Plaintiffs are further informed and believe, and based thereon allege, that Defendants acted with fraud, oppression, or malice in infringing Plaintiffs' marks as alleged above.  As such, in addition to the other relief sought herein, Plaintiffs are entitled to an award of punitive damages.

## SIXTH CLAIM FOR RELIEF

### (Copyright Infringement – Against All Defendants)

73.     In addition to the wrongful use of Ms. Grande's right of publicity and Plaintiffs' trademarks, Forever 21 and Riley Rose simultaneously infringed Ms. Grande's copyrights by publishing images, lyrics, and audiovisual clips from Ms. Grande's copyrighted songs: (1) *7 Rings*; (2) *Thank U, Next*; and (3) *Break Up With Your Girlfriend, I'm Bored*.

74.     Ms. Grande holds either the federally regidered copyright or the beneficial interest and approval rights for each of the three songs infringed by Forever 21 and/or Riley Rose, including without limitation:  (1) U.S. Registration No. PA0002154953 for the audio clip of song *Thank U, Next*; (2) U.S. Registration No. PA0002164214 for the audiovisual clip of *Thank U, Next*; (3) U.S. Registration No. PA0002191175 for the audio clip of song *7 Rings*; (4) U.S. Registration No. PA0002177521 for the audiovisual clip of *7 Rings;* and (5) U.S. Registration No. PA0002182759 for the audiovisual clip of *Break Up With Your Girlfriend, I'm Bored*, (collectively the "Copyrighted Works").   True and correct copies of Ms. Grande's Copyright Certificates from the United States Copyright Office are attached hereto as **Exhibit 5**.

75.     Defendants unlawfully copied the Copyrighted Works by publishing (1) audio clips from Ms. Grande's song *7 Rings*; (2) audiovisual clips from her music videos for both *7 Rings* and *Thank U, Next*; and (3) song lyrics from Ms. Grande's songs *7 Rings*, *Thank U, Next*, and *Break Up With Your Girlfriend, I'm Bored*.

76.     As a direct and proximate result of the acts of copyright infringement set forth above, Ms. Grande has suffered actual damages in an amount to be proven at trial, but in no event less than $600,000 dollars.  Ms. Grande is entitled to the full range of relief available under the Copyright Act, U.S.C. § 504(a)(1), (b), including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from the acts of copyright infringement.  Defendants' conduct entitles Ms. Grande to an award of attorneys' fees and costs. 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     On all claims for relief, for an award of compensatory and treble damages in an amount to be proven, but in no event less than $10 million;

1     2.     On all claims for relief, for the disgorgement of Forever 21's and Riley

2  Rose's profits attributable to the infringement of Plaintiffs' intellectual property

3  rights and rights of publicity;

4     3.     On the First and Second Claims for Relief, for an award of punitive

5  damages in an amount sufficient to deter unlawful conduct by Forever 21 and Riley

6  Rose in the future;

7     4.     For a permanent injunction restraining and enjoining Defendants from

8  using Ms. Grande's name, images, likeness, persona, copyrights and Plaintiffs'

9  trademarks;

10    5.     For pre-judgment and post-judgment interest according to proof and to

11  the maximum extent allowed by law;

12    6.     For attorneys' fees and costs; and

13    7.     For such other and further relief as the Court may deem just and

14  proper.

15

16  DATED:  September 2, 2019          O'MELVENY & MYERS LLP

17

18                                     By:   /s/ Daniel M. Petrocelli
19                                           Daniel M. Petrocelli
                                             Attorney for Plaintiffs Ariana
20                                           Grande-Butera and GrandAri Inc.

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to Local Rule 38-1, Plaintiffs hereby demand a trial by jury on all

3    issues so triable.

4

5    DATED:  September 2, 2019          O'MELVENY & MYERS LLP

6

7                                             By:   */s/ Daniel M. Petrocelli*
                                                   Daniel M. Petrocelli
8                                                  Attorney for Plaintiffs Ariana
9                                                  Grande-Butera and GrandAri Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT